[905 NYS2d 511]

In the Matter of TIMOTHY C. QUINN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 3, 2010

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Mark A. Varrichio*, Bronx, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is submitted voluntarily, free from coercion and duress, after reviewing his affidavit with counsel, and with a full awareness of the consequences of submitting a resignation. He is aware of a pending investigation by the Grievance Committee into allegations of professional misconduct concerning his theft of funds from his former client, Joseph Coviello. On January 20, 2010, the respondent was charged with a single count of grand larceny in the second degree, in violation of Penal Law § 155.40 (1). That charge is pending.

The respondent acknowledges his inability to successfully defend himself on the merits against any disciplinary charges predicated upon the aforementioned allegations and criminal charges.

The respondent is aware that any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for the same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee notes that, from his first meeting on July 16, 2009, the respondent openly acknowledged his misconduct and accepted responsibility. At that first meeting, the respondent broached the subject of resignation. The Grievance Committee supports acceptance of the respondent's resignation as in the best interest of the public and the most expeditious way to conclude this matter to save the Court's time and expense while protecting the public.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the resignation of Timothy C. Quinn is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Timothy C. Quinn is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Timothy C. Quinn shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Timothy C. Quinn is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Timothy C. Quinn has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated April 6, 2010 is discontinued.